IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PERRY R. SILVERMAN                  :
1681 Woodbluff Drive                :
Powell, OH 43065,                   :     Case No. _____
                                    :
            Plaintiff,              :
                                    :
v.                                  :
                                    :
DYNAMIC RECOVERY SOLUTIONS, LLC     :
SERVE:  National Registered Agents, Inc. :
            Statutory Agent         :
2 Office Park Court, Suite 103      :
Columbia, SC 29223,                 :
                                    :
            Defendant.              :

## COMPLAINT

Jurisdiction and Venue

1.      Plaintiff invokes this Court's original jurisdiction under 15 U.S.C. §1692k(d) by bringing this action against the defendant under the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.), and such an action may be brought before "any appropriate United States district court without regard to the amount in controversy".

2.      Plaintiff invokes this Court's supplemental jurisdiction under 28 U.S.C. §1367 by bringing state law claims so related to the federal claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      This Court has personal jurisdiction over the defendant because: (a) the defendant transacted business in the State of Ohio and in this judicial district; (b) in cases arising under the Fair Debt Collection Practices Act (hereinafter "FDCPA"), the law of the State in which this Court sits determines whether it has personal jurisdiction over the defendant; and (c) Ohio Rev. Code

[1]

§2307.382 grants courts "long-arm jurisdiction" over parties transacting business in the State of Ohio.

4. Venue in this Court is proper under 28 U.S.C. §1391(b) in that the events and omissions giving rise to the plaintiff's claims occurred in this judicial district.

Parties

5. Plaintiff Perry R. Silverman (hereinafter "plaintiff") is a natural person who, at all times material hereto, resided (and still resides) in the City of Columbus, County of Franklin, and State of Ohio.

5. Mail is delivered to the plaintiff's residence by the United States Post Office located in the City of Powell, County of Delaware, and State of Ohio.

6. Plaintiff is a "consumer", as defined by 15 U.S.C. §1692a(3), because RCS alleges that he is obligated to pay a debt that is the subject of this action.

7. Defendant Dynamic Recovery Solutions, LLC (hereinafter "DRS") is a South Carolina corporation and has its principal place of business in the City of Greenville, in the State of South Carolina. At all times material hereto, DRS was transacting business in the State of Ohio.

8. DRS is a "debt collector" as defined by 15 U.S.C. §1692a(6) because it uses interstate commerce or the mails while engaged in a business whose principal purpose is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another.

Facts

9. On May 16, 2016, the plaintiff received a voicemail message on his cell phone from a person identifying herself as Amanda Loomis (hereinafter "Loomis") and asking that the plaintiff return her phone call.

10. Plaintiff returned Loomis' phone call on the same day, spoke to her, and learned that she was employed by defendant DRS.

11. Plaintiff further learned that Loomis acted within the course and scope of her employment with defendant DRS to place a telephone call to the Plaintiff's cell phone, and leave the above-mentioned voicemail message on Plaintiff's cell phone for him, in an attempt to collect a purported debt from the Plaintiff.

12. Loomis' acts, performed in the course and scope of her employment with defendant DRS, are imputed to DRS as her employer and defendant DRS is vicariously liable as Loomis' employer for any unlawful acts committed by Loomis in the course and scope of her employment with DRS.

13. Loomis failed to disclose in her voicemail message to the plaintiff that her telephone call was from a debt collector, or that it was an attempt to collect a debt, or that any information she obtained would be used for this purpose.

14. Under 15 U.S.C. §1692d(6), a telephone communication from a debt collector must include "meaningful disclosure" of the caller's identity. When a debt collector fails to state in a voicemail that he/she is calling from a collection agency, or that his/her call is an attempt to collect a debt, he/she omits meaningful disclosures about the caller's identity.

15. Under 15 U.S.C. §1692g(a), the telephone call was an "initial communication" with the plaintiff in connection with the collection of a debt.

16. If the initial communication with the consumer is oral, 15 U.S.C. §1692e(11) requires

the debt collector to state that he/she is attempting to collect a debt and that any information obtained will be used for this purpose. When a debt collector fails to state in a voicemail that he/she is attempting to collect a debt or that any information obtained will be used for this purpose, he/she does not comply with this requirement.

17. When the plaintiff spoke to Loomis, she alleged that the plaintiff owed a debt to Staples, a retail office supply merchant, which was written off as a bad debt on August 27, 2004 (hereinafter the "Debt").

18. The purported Debt was incurred on an account created in the State of Ohio, and had a six-year statute of limitations under Ohio Rev Code §2305.07. Inasmuch as the default date on the purported Debt was August 27, 2004, its statute of limitations expired on August 27, 2010.

19. Loomis failed to disclose to the Plaintiff that the aforesaid Debt was not legally enforceable; Loomis failed to disclose to the plaintiff that the applicable statute of limitations had expired on the Debt; and Loomis attempted to extract payment from the plaintiff on the aforesaid Debt, in an effort to reset the limitations period and make the plaintiff vulnerable to suit.

20. Plaintiff subsequently notified DRS that Loomis had committed multiple FDCPA violations, that he had monetary claims against DRS as a result of her violations (hereinafter "Claims"), and that he demanded settlement of his Claims.

21. On June 30, 2016, DRS agreed through its attorneys to settle said Claims, and pay plaintiff the sum of $3,750.00 in consideration for plaintiff's complete release of all his Claims arising from DRS' attempt to collect the Debt. On that date, plaintiff provided a written Settlement Agreement and Release to the attorneys for DRS.

22. On July 6, 2016, DRS approved the Settlement Agreement and Release through its attorneys, and it was signed by the Plaintiff on the same day. A true copy of the aforesaid

Settlement Agreement and Release is appended hereto as an exhibit.

23. On July 18, 2016, DRS requested that plaintiff and his attorney fill out and sign IRS W-9 Forms and deliver said forms to the attorneys for DRS. Plaintiff and his attorney did so on July 20, 2016.

24. After that, DRS repeatedly made vague representations to the plaintiff that it would deliver the $3,750.00 to him in order to settle his Claims. Plaintiff was finally able to get a commitment from DRS that it would deliver the $3,750.00 to him by August 31, 2016. However, DRS failed to deliver any part of the $3,750.00 to the plaintiff by August 31, 2016. Thus, DRS falsely represented to the plaintiff that it would pay him $3,750.00 to settle his Claims; DRS knew that its representations were false; DRS' false representations were material to the settlement; and DRS made its false representations to the plaintiff in order to mislead him into relying upon them.

25. Plaintiff reasonably relied on DRS' representation that it would pay him $3,750.00 to settle his Claims.

26. To date, DRS has failed to pay plaintiff any part of the settlement amount to which it agreed.

27. DRS has damaged the plaintiff in the amount of $3,750.00 by breaching the settlement agreement after inducing plaintiff's reasonable reliance that DRS would pay him $3,750.00 to consummate this settlement.

FIRST CLAIM FOR RELIEF: VIOLATIONS OF THE FDCPA

28. Plaintiff restates the allegations contained in Paragraphs 1 through 27, inclusive, of this Complaint as if fully rewritten herein.

29.     Defendant DRS violated 15 U.S.C. §§1692e, 1692e(2)(A), and 1692e(10) by: (a) failing to disclose to the Plaintiff that the Debt was not legally enforceable; (b) falsely representing the legal status of the Debt to the Plaintiff; and (c) using false representations and deceptive means to induce payment on the aforesaid Debt.  See McMahon v. LVNV Funding, LLC, 744 F.3d 1010 (7th Cir. 2014).

30.     Defendant DRS violated 15 U.S.C. §1692d(6) by failing to make a "meaningful disclosure" of the caller's identity when it telephoned the Plaintiff and failed to notify him a voicemail it left for him that DRS was a collection agency or that its telephone call was call was an attempt to collect a debt.

31.     Defendant DRS violated 15 U.S.C. §1692e(11) when it telephoned the Plaintiff and failed to notify him in a voicemail it left for him that it was attempting to collect a debt and that any information obtained would be used for this purpose

32.     By its misconduct, described above, defendant DRS directly and proximately caused the Plaintiff to suffer emotional distress, including mental anguish, anger, aggravation, anxiety, worry, nervousness, frustration, indignation, outrage, embarrassment, and loss of sleep.

SECOND CLAIM FOR RELIEF:  BREACH OF CONTRACT

33.     Plaintiff restates the allegations contained in Paragraphs 1 through 32, inclusive, of this Complaint as if fully rewritten herein.

34.     Defendant DRS has breached its settlement agreement with the Plaintiff by failing to pay him the sum of $3,750.00 in consideration for Plaintiff's complete release of all his Claims arising from DRS' attempt to collect the Debt.

[6]

35. By its breach of the settlement agreement, described above, DRS has damaged the Plaintiff in the amount of $3,750.00 plus pre-judgment and post-judgment interest thereon.

THIRD CLAIM FOR RELIEF:  FRAUD

36. Plaintiff restates the allegations contained in Paragraphs 1 through 35, inclusive, of this Complaint as if fully rewritten herein.

37. Defendant DRS has defrauded the Plaintiff, as described above, by repeatedly misrepresenting to the Plaintiff that it would pay him the sum of $3,750.00 in consideration for Plaintiff's complete release of all his Claims arising from DRS' attempt to collect the Debt, and because DRS knew that its misrepresentations were material, were false, and were intended to induce the Plaintiff's reasonable reliance thereon.

38. Plaintiff reasonably relied upon DRS' misrepresentations.

39. As a direct and proximate result of DRS' fraud: (a) Plaintiff has been damaged in the amount of $3,750.00; and (b) Plaintiff's credit has been damaged in the amount of at least $2,000.00 because DRS' failure to pay him impeded his ability to pay his own creditors.

40. Plaintiff is entitled to pre-judgment and post-judgment interest.

41. Plaintiff is further entitled to an award of punitive damages and attorney's fees against DRS for its fraud.

WHEREFORE, plaintiff Perry R. Silverman, demands judgment against defendant Dynamic Recovery Solutions, LLC, and further prays for:

a. An award of $1,000.00 as statutory damages under 15 U.S.C. §1692k(a)(2);

b. An award of at least $1,000.00 as actual damages under 15 U.S.C. §1692k(a)(1);

c.      An award of $3,750.00 as compensatory damages for breach of contract;

d.      An award of at least $5,750.00 as compensatory damages and an award of at least $10,000.00 as punitive damages for fraud;

e.      An award of reasonable attorney fees and the costs of this action;

f.      An award of pre-judgment and post-judgment interest; and

g.      Such other relief as this Court deems necessary or proper under 15 U.S.C. §1692, et seq.

Respectfully submitted,

*/s/ Robert J. Fitrakis*

ROBERT J. FITRAKIS (0076796)
Fitrakis & Gadell-Newton, LLC
1021 East Broad Street
Columbus, OH  43205
Phone:  (614) 307-9783
Fax: (614) 929-3513
E-Mail: fgnlegal@gmail.com
*Attorney for Plaintiff*

[8]